Matter of Kanganis v King (2025 NY Slip Op 07307)

Matter of Kanganis v King

2025 NY Slip Op 07307

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2024-09307
 (Docket No. V-3760-21/24D)

[*1]In the Matter of Costas B. Kanganis, appellant,
v
Heather M. King, respondent.

Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant.
Picarello & Saciolo, PLLC, Islandia, NY (Nicholas E. Arazoza of counsel), for respondent.
Jessica Bacal, Mt. Kisco, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated August 23, 2024. The order, without a hearing, dismissed the father's petition to modify an order of the same court dated August 23, 2021, entered upon consent, so as to, inter alia, award him certain parental access.
ORDERED that the order is affirmed, with costs payable to the respondent by the appellant.
The father and the mother have one child together. Pursuant to an order dated August 23, 2021 (hereinafter the custody order), entered upon consent of the parties, the mother was awarded sole legal and residential custody of the child. The custody order, inter alia, directed the father to engage in individual therapy and awarded him therapeutic parental access arranged by his therapist and the child's therapist and "any other therapeutic parent[al access] as agreed upon by the parties."
In January 2024, the father commenced this proceeding to modify the custody order, inter alia, so as to "normalize" parental access with the child by "the immediate cessation of therapeutic parent[al access]" and discontinuing the individual therapy requirement. As a change in circumstances, he asserted that he participated in individual therapy "for several sessions," but the mother refused to bring the child "to any session," and that he and the child never had a "joint session." In an order dated August 23, 2024, the Family Court, without a hearing, dismissed the father's petition "due to failure to state a change in circumstance." The father appeals.
"'In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child'" (Matter of Seymour v Raymond, 240 AD3d 501, 502 [internal quotation marks omitted], quoting Matter of Hood v Rivera, 235 AD3d 750, 751). "'Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change of circumstances demonstrating a need for modification in order to insure the child's best interests'" (id. [internal quotation marks omitted], quoting Matter of Blackman v Barge, [*2]234 AD3d 752, 753).
Here, the father failed to make a sufficient evidentiary showing that there had been a change in circumstances to warrant a hearing or modification of the custody order. If the father felt that the mother was somehow violating the therapeutic parental access requirement, his remedy was to seek enforcement of the custody order. Rather, it appeared that he was less than compliant with the custody order by participating in individual therapy for only "several sessions." The Family Court asked the father to "'[g]et me something" indicating that the father meaningfully engaged in therapy and noted that "I have nothing."
The general rule is that the court should not make the father's submission to counseling a condition to seeking future parental access (see e.g. Matter of Buskey v Alexis, 226 AD3d 770, 772; Matter of Mazo v Volpert, 223 AD3d 907, 910). However, the question of whether the custody order violated that principle is not properly before this Court, since the custody order was entered upon consent and is not the subject of this appeal. "[T]he orderly administration of justice depends upon the principle that a party is not entitled to challenge the legality of a court order by disobeying it" (Zafran v Zafran, 28 AD3d 753, 756).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Family Court properly dismissed the father's petition without a hearing.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court